IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GRUBB & ELLIS\|CENTENNIAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:03-0016 |
| ) | |
| GAEDEKE HOLDINGS, LTD. and ) | Judge Campbell |
| GAEDEKE LANDERS, L.L.C., ) | Magistrate Brown |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OBJECTIONS TO THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

Magistrate Judge Brown issued his Report And Recommendation in this case (Docket Entry 110) on December 22, 2005 pursuant to a referral from this Court. Plaintiff agrees with Magistrate Judge Brown's Report And Recommendation and respectfully submits that it should be approved and adopted by this Court, with the following exceptions.

1. Magistrate Judge Brown concluded that Plaintiff is entitled to a discretionary award of prejudgment interest pursuant to T.C.A. § 47-14-123. Magistrate Judge Brown exercised his discretion to determine an appropriate prejudgment interest rate and Plaintiff accepts his recommendation regarding the amount of prejudgment interest to be awarded. Plaintiff respectfully submits that it is also entitled to a mandatory award of prejudgment interest pursuant to T.C.A. § 47-14-109(b) because this is a liquidated and settled account signed by Defendants. Magistrate Judge Brown found that ". . . the amount due on the initial commission is not truly in dispute," so this is a liquidated and settled account. Accordingly, Plaintiff is entitled to a mandatory award of prejudgment interest pursuant to T.C.A. § 47-14-109(b).

This issue will be moot if Magistrate Judge Brown's finding that Plaintiff is entitled to a discretionary award of prejudgment interest pursuant to T.C.A. § 47-14-123 is affirmed.

However, if prejudgment interest is not awarded to Plaintiff pursuant to T.C.A. § 47-14-123, then Plaintiff should be awarded prejudgment interest pursuant to T.C.A. § 47-14-109(b).

2. Plaintiff requested an award of attorneys' fees in the amount of $124,834.00, and Magistrate Judge Brown recommended an award of attorneys' fees in the amount of $103,309.50. Plaintiff respectfully submits that the amount of attorneys' fees requested by Plaintiff was reasonable and appropriate. Accordingly, Plaintiff requests that this Court evaluate all the facts and circumstances, including the highly contested nature of these proceedings and the results achieved by counsel for Plaintiff, and increase the award of attorneys' fees if the Court finds that an increase is warranted.

3. Magistrate Judge Brown concluded that Plaintiff's claim for additional commissions in the future if Bridgestone extends the term of its lease or expands its leased premises is not ripe for determination at this time. Plaintiff does not dispute that conclusion. If this case is closed in accordance with that recommendation, Plaintiff requests that this Court order Defendants to promptly notify Plaintiff of any extension of the term of the lease that is the subject of this action or any expansion of those leased premises and to provide Plaintiff with copies of the documents signed to carry out such extension or expansion.

4. Magistrate Judge Brown properly rejected Defendants' contention that a purported breach of the listing agreement by Plaintiff could bar Plaintiff from recovering this commission. Magistrate Judge Brown also suggested that Defendants are not foreclosed from bringing a breach of contract action against Plaintiff. However, Plaintiff respectfully submits that such a claim against Plaintiff is barred because Defendants never filed such a counterclaim in this case, and it was a compulsory counterclaim under Rule 13(a), Fed. R. Civ. P.

# CONCLUSION

Plaintiff respectfully submits that Magistrate Judge Brown carefully considered the facts, properly analyzed the law, and issued a well-reasoned Report And Recommendation. Plaintiff requests that this Court approve and adopt Magistrate Judge Brown's Report And Recommendation, with the following modifications: (1) finding that, in the alternative, Plaintiff is entitled to a mandatory award of prejudgment interest pursuant to T.C.A. § 47-14-109(b); (2) increasing the amount of attorneys' fees awarded to Plaintiff; (3) ordering Defendants to promptly notify Plaintiff if the term of the lease with Bridgestone which is the subject of this action is extended or those leased premises are expanded and to provide the Plaintiff copies of the documents signed to carry out such extension or expansion; and (4) deleting Magistrate Judge Brown's proposed finding on page 22 of the Report And Recommendation that "Defendants are not foreclosed from a suit for breach of contract on these alleged deficiencies."

The affidavits and memoranda filed by Plaintiff in connection with the proceedings before Magistrate Judge Brown are incorporated herein by reference.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: s/ Gerald D. Neenan
Gerald D. Neenan, No. 6710

One Nashville Place, Suite 2000
150 Fourth Avenue North
Nashville, TN 37219
(615) 244-1713
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

3

I hereby certify that on this the 30th day of December, 2005, I electronically filed the foregoing document with the Clerk of the Court, United States District Court for the Middle District of Tennessee, using the CM/ECF system. A true and correct copy of the foregoing has been served via e-mail or United States First Class Mail, postage prepaid, on the following:

>Todd E. Panther, Esq.
>Tune, Entrekin & White, P.C.
>AmSouth Center, Suite 1700
>315 Deaderick Street
>Nashville, TN  37238
>tpanther@tewlawfirm.com

s/ Gerald D. Neenan